UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STUTZMAN,<br>Plaintiff,<br>v.<br>JEFF MACOMBER, et al,<br>Defendants. | Case No. 1:26-cv-03662-EPG (PC)<br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br>(ECF No. 9)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jeremy Stutzman is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 12, 2026, (ECF No. 1), alleging Defendants were deliberately indifferent to his serious medical needs by failing to treat an infection in Plaintiff's thumb, which later had to be amputated, (*id.* at 3, 5).

On June 18, 2026, the Court screened Plaintiff's complaint and found that Plaintiff had failed to state any cognizable claims. (ECF No. 8). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that he wishes to stand on his complaint. (*Id.*).

Plaintiff filed a first amended complaint on July 20, 2026, which is now before the Court for screening. (ECF No. 9). Plaintiff's first amended complaint names at least fifteen different defendants and appears to primarily be a collection of excerpts from unrelated cases, (*id.* at 1, 6-15), though he briefly mentions the infection in, and subsequent amputation of, his thumb, (*id.* at 4, 8, 16).

Upon review of the first amended complaint, the Court finds that Plaintiff's complaint fails to state any cognizable claims. For the reasons set forth below, the Court recommends that this case be dismissed with prejudice.

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

On July 20, 2026, Plaintiff, an inmate currently housed at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, filed a sixteen page first amended complaint. (ECF No. 9). Plaintiff names as defendants Governor Gavin Newsom, California Department of Corrections and Rehabilitation ("CDCR"), and various employees of CDCR: Jeff Macomber, Secretary of the CDCR; Raul Morales, Warden; M. Jones, Assistant Warden; Martinez, Captain of G. yard; C. Crichlow, CO; and N. Scaife, ADA Sergeant, in addition to the "R.A.P. panel" at CDCR, including N. Bennett, Staff Services; Dr. B. Hill, Psychologist; L. Moreno, Healthcare Compliance Analyst; G. Lujan, O.O.G. Representative; G. Ugwueze, Medical Examiner; S. Rufino, RN; J. Flores, Health Care Grievance Representative; and G. Lujan, Office of Grievance. (*Id.* at 6-8).

Plaintiff's first amended complaint is largely unintelligible and appears to be a collection of various unrelated legal statements. *See* (ECF No. 9). For example, it alleges that "Defendants, (Collectively) denied Petitioner' /Plaintive [sic] for reporting misconduct on the

institutional grievance system, in machination to a 'Protected Conduct' by 'Adverse Actions' denying 'a fair opportunity' to the established right, not furthering a valid penological interest," and contends the "[b]asic claim[s] made" are "abuse of prisoner, civil rights issues, indifference to a serious medical need, collusion, Rico act, Monell, Bain, ADA/ ARP violations, contempt, constitutional issues, ministerial duty violations, not providing 'a fair opportunity' to grievance, indifference, malfeasance, policy, law, right violations," (*id.* at 8) (emphasis omitted). In another portion of the amended complaint, Plaintiff generally refers "[d]epravations [sic] to rights owed" including "abuse of prisoner, civil rights issues 1st, 4th, 5th, 8th, 9th, 14th, collusion, Rico act, Monell, Bain, ADA/ARP violations, contempt, constitutional issues, ministerial duty violations, not providing 'a fair opportunity' to grievance, indifference, malfeasance, policy, law, Fed & State Const. right violations." *See* (*id.* at 8-9) (emphasis omitted).

Plaintiff's first amended complaint also briefly discusses an infection in Plaintiff's thumb that was subsequently amputated, asserting that "[a]ll" were "indifferent causing [his] thumb to be cut-off [] due to infection, easily detectable, a known common diabetic effect, and preventable," and claiming that all defendants are liable for "complicit indifference" to his "[m]ost [b]asic [h]uman [n]eeds." (*Id.* at 4, 8, 16) (emphasis and internal marks omitted).

The remainder of the amended complaint appears to primarily contain excerpts from other cases. For example, page 10 is an excerpt from *Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882 (E.D. Cal. 2009), discussing prison overcrowding, (*id.* at 10), while pages 11-12 are a discussion of RICO claims brought by the plaintiffs in *Couch v. Wan*, No. CV F 08-1621 LJO DLB, 2010 WL 3582519 (E.D. Cal. Sept. 10, 2010), (*id.* at 11-12), and pages 13-15 are a discussion of the Americans with Disabilities Act by the Supreme Court in *Tennessee v. Lane*, 541 U.S. 509 (2004), (*id.* at 13-15).

Plaintiff states that he is seeking "Monetary, Compensatory, Punitive, Injunctive, Mental, physical, actual, duress, suffering, rehabilitative if possible, loss of use compensation, life term of loss Compensatory, Punitive recoveries, [and] the court to instruct on rights owned claimant." (*Id.* at 16).

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have

been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B. Lack of a Plain and Short Statement**

Plaintiff's first amended complaint is subject to dismissal because it lacks a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

As set forth above, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, the Ninth Circuit has recently observed that so-called "shotgun pleadings" violate Rule 8, of which there are four main types:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson v. City of Portland* 165 F.4th 1265, 1288 (9th Cir. 2026). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* And the Ninth Circuit has made "clear that district courts do not have to accept such shotgun pleadings." *Id.* at 1289.

Plaintiff's first amended complaint demonstrates the hallmarks of a shotgun pleading, which violates Rule 8. First, his first amended complaint "is replete with conclusory, vague,

and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1288. The majority of the document appears to be excerpts from various unrelated cases that Plaintiff fails to argue are related to the allegations of his thumb infection and subsequent amputation, *see* (ECF No. 9 at 9-15), or conclusory statements such as "Defendants collectively by, adverse actions interfered with a 'Protected Conduct'" and "Defendants set in motion, a series of acts by others which the actor knows or reasonably knows, caused others to inflict the constitutional injury," (*id.* at 5) (citations omitted).

Additionally, while Plaintiff names over fifteen different defendants in the first amended complaint, he does not specify what any specific defendant did to violate his rights. Aside from CDCR, Plaintiff does not even mention any of the other defendants in the allegations of his complaint. *See* (ECF No. 9).

Thus, Plaintiff's first amended complaint is subject to dismissal because it is an improper shotgun pleading rather than a short and plain statement of Plaintiff's claims as required by Rule 8.

**C. Deliberate Indifference to Serious Medical Needs**

Moreover, to the extent the Court understands Plaintiff's allegations, they do not state a constitutional claim for deliberate indifference to serious medical needs against any defendant.

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long*, 442 F.3d at 1185. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is established only where the defendant subjectively "knows of

and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

A mere difference in medical opinion is "insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi,* 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("mere indifference, negligence, or medical malpractice" is insufficient, and "[e]ven gross negligence is insufficient to establish deliberate indifference to serious medical needs") (citations and internal quotation marks omitted).

Plaintiff's first amended complaint fails to state a cognizable claim for deliberate indifference to serious medical needs under these standards. As with his original complaint, Plaintiff generally asserts that he experienced medical indifference relating to the infection in his thumb and subsequent amputation, but he does not link his allegations to any specific defendant, either by name or role. Although Plaintiff contends that "All [defendants] were indifferent causing [his] thumb to be cut-off (amputated) due to infection, easily detectable, a known common diabetic effect, and preventable," (ECF No. 9 at 8), he does not describe what any particular defendant did or failed to do, or which defendant or defendants were even aware of the infection in his thumb. Plaintiff has not alleged any facts that would indicate that any specific person acted with deliberate indifference to his serious medical needs. Further, while he mentions "Defendants (collectively), [] acted indifferent to instructions of care from the outside medical," (*Id.* at 4), he does not indicate what those instructions were, who gave the instructions, or who failed to follow the instructions.

In addition, Plaintiff again claims that defendants' actions amounted to "malpractice of responsibilities owed," (*id.* at 16), but medical malpractice is insufficient to state a

constitutional claim for deliberate indifference to serious medical needs, *Estelle*, 429 U.S. at 106; *Lemire*, 726 F.3d at 1082.

Accordingly, Plaintiff's first amended complaint fails to state a claim against any defendant for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**D. Supervisory Liability**

Plaintiff's amended complaint names Jeff Macomber, Secretary of the CDCR, and Raul Morales, Warden, as defendants, but alleges no specific facts regarding Secretary Macomber or Warden Morales. (ECF No. 9).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under these legal standards, Plaintiff's first amended complaint fails to state a claim for supervisory liability against Secretary Macomber or Warden Morales.

**E. Eleventh Amendment Immunity**

Additionally, although Plaintiff names CDCR as a defendant in his first amended complaint, CDCR is subject to dismissal based on the doctrine of sovereign immunity.

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies. However, under *Ex*

*Parte Young*, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (citations and internal quotation marks omitted); s*ee Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment bars § 1983 suits against a State unless the state has waived its sovereign immunity). Additionally, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Defendant CDCR is entitled to Eleventh Amendment immunity. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*) (holding that the prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Jones v. Dep't of Corr. & Rehab.*., No. 2:25-cv-3157 CSK P, 2025 WL 3140680, at *2 (E.D. Cal. Nov. 10, 2025) (citations omitted) (finding suits against CCHCS, a state agency, and CDCR are barred by the Eleventh Amendment).

Accordingly, Plaintiff's claims against CDCR are subject to dismissal.

## IV. CONCLUSION

The Court finds that Plaintiff's first amended complaint fails to state any cognizable claims. The Court recommends not allowing leave to amend because Plaintiff was already given leave to amend with the relevant legal standards.

Accordingly, it is RECOMMENDED as follows:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be**

**considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE